**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-01413-CMA-BNB

SUMMIT HABITATS, INC., a Colorado corporation,
SANFORD M. TREAT III, and
KATHERINE TREAT,

    Plaintiffs,

v.

GREGORY C. KAFFKA, and
KAREN S. KAFFKA,

    Defendants.

---

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

---

    This matter is before the Court on Plaintiffs' Motion for Entry of Default Judgment Against Defendants Gregory C. Kaffka and Karen S. Kaffka.[1] (Doc. # 16.) For the following reasons, the Court denies this motion without prejudice.

    The Clerk of the Court has already entered default against Defendants. (Doc. # 15.) Upon the entry of default against a defendant, a plaintiff's well-pleaded allegations in the complaint are deemed admitted. *See Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). However, default judgment cannot be entered

---

[1] Federal Rule of Civil Procedure 55(b)(1) provides that the Clerk of the Court may enter a default judgment when "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." However, for the Clerk to enter a default judgment, it must be "on the plaintiff's request." Fed. R. Civ. P. 55(b)(1). As Plaintiff did not request for the Clerk to enter a default judgment, the Court must determine whether default judgment is appropriate.

until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984).

The allegations in this case are that Defendants breached a settlement agreement. (Doc. # 1.) In the instant motion, Plaintiffs state that its claim "is for a sum certain, $1,790,892.15." (*Id.*) However, Plaintiffs have not adequately explained how they arrived at this amount in their motion. Although Plaintiffs cite to the settlement agreement in the Complaint, Plaintiffs do not direct the Court to any particular provisions of the settlement agreement, nor do they clearly explain how they arrived at the "sum certain" of $1,790,892.15. In short, the Court is unable to ascertain whether Plaintiffs' claim is actually for a sum certain nor is it able to ascertain whether $1,790,892.15 is the correct amount of damages that should be awarded.

Accordingly, it is ORDERED that Plaintiffs' Motion for Entry of Default Judgment (Doc. # 16) is DENIED WITHOUT PREJUDICE. Plaintiffs may file an amended motion which includes an affidavit or verification from Plaintiffs regarding how the $1,790,892.15 in damages was calculated, including citation to the relevant provisions in the settlement agreement.

DATED: November  09 , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge