**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-01413-CMA-BNB

SUMMIT HABITATS, INC., a Colorado corporation,
SANFORD M. TREAT III, and
KATHERINE TREAT,

     Plaintiffs,

v.

GREGORY C. KAFFKA, and
KAREN S. KAFFKA,

     Defendants.

## ORDER DENYING AMENDED MOTION FOR DEFAULT JUDGMENT

This matter is before the Court on Plaintiffs' Amended Motion for Entry of Default Judgment Against Defendants Gregory C. Kaffka and Karen S. Kaffka, filed on December 21, 2011.[1] (Doc. # 19.) For the following reasons, the Court denies this motion without prejudice.

The Clerk of the Court has already entered default against Defendants. (Doc. # 15.) Upon the entry of default against a defendant, a plaintiff's well-pleaded allegations in the complaint are deemed admitted. *See Olcott v. Delaware Flood Co.*,

---

[1] Federal Rule of Civil Procedure 55(b)(1) provides that the Clerk of the Court may enter a default judgment when "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." However, for the Clerk to enter a default judgment, it must be "on the plaintiff's request." Fed. R. Civ. P. 55(b)(1). As Plaintiff did not request for the Clerk to enter a default judgment, the Court must determine whether default judgment is appropriate.

327 F.3d 1115, 1125 (10th Cir. 2003).  However, default judgment cannot be entered until the amount of damages has been ascertained.  *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984).  One of the main reasons for this requirement is to prevent plaintiffs who obtain default judgments from receiving more in damages than is supported by actual proof.  *Id.* at n.2.

On November 9, 2011, the Court denied a previous version of this motion because the Court was "unable to ascertain whether Plaintiffs' claim [was] for a sum certain nor [was] it able to ascertain whether $1,790,892.15 is the correct amount of damages that should be awarded."  (Doc. # 17 at 2.)  The Court instructed Plaintiffs to file "an amended motion [including] an affidavit or verification from Plaintiffs regarding how the $1,790,892.15 in damages was calculated, including citation to the relevant provisions in the settlement agreement."  (*Id.*)  Plaintiffs complied with this directive only in the barest sense and the Court finds Plaintiffs' latest submission to again be woefully deficient.  The Court will catalogue the errors and deficiencies, and grant Plaintiffs one more opportunity to provide a sufficient motion.

This case involves the Defendants' breach of a settlement agreement.  (Doc. # 1.)  In a mild improvement over their first motion for default judgment, Plaintiff Katherine Treat has submitted an affidavit that directs the Court to Exhibit F of the Settlement Agreement, which is the settlement repayment schedule (the "Schedule").  (Doc. # 19-2 at 27-30.)  However, Ms. Treat's affidavit contains numerous clerical and/or

mathematical errors, and fails to prove that Plaintiffs are entitled to the $1,790,892.15 in claimed damages.

First, Ms. Treat attests that Defendants agreed to pay to Plaintiffs the principal amount of $864,200. However, the Schedule indicates that Defendants were scheduled to pay only $864,000. (*Id.* at 30.)

Second, Ms. Treat asserts that Defendants defaulted on July 28, 2010, and that $581,951.70 was due at the time of default. That number is not found in the Schedule, and as a result, the Court is unable to discern how much Defendants owed at the time of default.[2]

Third, and perhaps most importantly, Ms. Treat attests that Defendants owe $764,583.75 in interest from July 28, 2010 through the Settlement Agreement Payout (May 28, 2023). In her affidavit, Ms. Treat refers to paragraph five of the Settlement Agreement. That provision provides that "[i]n the event of a default, the maturity of the Debt is accelerated and all sums due under the Debt shall at the time of the default become due." (Doc. # 19-2 at ¶ 5.) This indicates to the Court that the principal amount would become due immediately upon default; however, it does not suggest that the interest Plaintiffs would have received had Defendants paid the principal over thirteen years would also be due upon default. Furthermore, even if Plaintiffs are entitled to the

---

[2] The Schedule shows that $584,951.70 was the principal owed as of June 28, 2010. (*Id.* at 28.)

interest, Ms. Treat's affidavit does not explain how she calculated the amount to be $764,583.75 and the Court is unable to verify this calculation on its own.

Fourth, the Settlement Agreement provides that in the event of default, "liquidated damages of one-third of the amount remaining due on the Debt is to be added to the judgment." (Doc. # 19-2 at ¶ 8.)  Plaintiff claims that $444,356.69 should be awarded as liquidated damages.  However, based on the $581,951.70 due on default, the correct amount of liquidated damages would be $193,983.90 ( $581,951.70 in principal ÷ 3).

For the reasons stated above, it is ORDERED that Plaintiffs' Motion for Entry of Default Judgment (Doc. # 19) is DENIED WITHOUT PREJUDICE.  Furthermore, Plaintiffs are not entitled to unlimited attempts at filing a default judgment motion until they satisfy the requirement that they prove what damages they are actually entitled to.  Thus, if Plaintiffs choose to file a third amended motion, that motion will be Plaintiff's last bite at the apple.  Plaintiffs are advised that they should err on the side of caution in ensuring that their calculation of damages is easily ascertainable.  An affidavit or verification from Plaintiffs' counsel or an accountant (or both) might assist in this endeavor.

DATED:  December 30, 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge