IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 11-cv-01413-CMA-BNB

SUMMIT HABITATS, INC., a Colorado corporation,
SANFORD M. TREAT III, and
KATHERINE TREAT,

    Plaintiffs,

v.

GREGORY C. KAFFKA, and
KAREN S. KAFFKA,

    Defendants.

## ORDER FOR HEARING ON AMENDED MOTION FOR DEFAULT JUDGMENT

This matter is before the Court on Plaintiffs' "Second Amended Motion for Entry of Default Judgment Against Defendants Gregory C. Kaffka and Karen S. Kaffka" (Doc. # 21), filed on January 20, 2012.[1]  For the following reasons, the Court sets this matter for hearing as requested by Plaintiffs.

The allegations in this case are that Defendants breached a settlement agreement. (Doc. # 1.)  In the instant motion, Plaintiffs state that its claim "is for a sum certain [of] $1,786,182.12." (Doc. # 21.)  Pursuant to the settlement agreement, Defendants was obligated to pay $864,000 (the "Debt") to Plaintiffs. (Doc. # 21-2, Ex. 1, ¶ 2.)  As of October 24, 2011, when Defendants made their last monthly payment, there

---

[1] The Court has denied without prejudice Plaintiffs' two previous motions for default judgment. (Doc. ## 17, 20.)

remained $590,332.24 in principal and interest due and owing on the Debt.  As damages, Plaintiffs claim the $590,332.45 in principal and interest, $752,661.63 in unaccrued interest due after October 24, 2011 and through May 28, 2023, and $443,188.04 in liquidated damages.  (Doc. # 21-1 at 4.)

The settlement agreement provides that "[i]n the event of a default, the maturity of the Debt is accelerated and all sums due under the Debt shall at the time of the default become due."  (Doc # 21-2, Ex. 1, ¶ 5.)  At the time of default, the Debt was $590,332.24.  Thus, the settlement agreement would seem to accelerate the Debt and Plaintiffs would be entitled to $590,332.24 due immediately.  However, nothing in this acceleration provision seems to provide that Plaintiffs are entitled to twelve years of unaccrued interest.  Furthermore, the liquidated damages provision provides that "[i]n the event of default . . . liquidated damages of one-third of the amount remaining due on the Debt is to be added to the judgment."  (*Id.*, ¶ 8.)  The amount due under the Debt, as defined in paragraph 2 of the settlement agreement, is $590,332.45.  Thus, it appears to the Court that Plaintiffs are entitled judgment in the amount of representing the sum of $590,332.45, plus interest accrued on that sum as of the date judgment is entered, plus one-third of the sum of the two previously described amounts.

Because it appears that Plaintiffs are claiming more damages than they are entitled to under the settlement agreement, at this time, the Court is unable to enter the relief requested by Plaintiffs' motion for default judgment.  The Court will, however, set this matter for hearing as requested by Plaintiffs.

Accordingly, it is ORDERED that Plaintiffs' "Second Amended Motion for Entry of Default Judgment Against Defendants Gregory C. Kaffka and Karen S. Kaffka" (Doc. # 21) is to be set for hearing. The Plaintiffs are directed to schedule a hearing by conferring with Defendants and calling Chambers (303-335-2174) *via* conference call on or before February 10, 2012.

DATED: February  06 , 2012

BY THE COURT:

*(signature)*

_____
CHRISTINE M. ARGUELLO
United States District Judge